■ FRANCES MATLICK et al., Appellants, v. LONG ISLAND JEWISH HOSPITAL et al., Respondents.— In a medical malpractice action, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, entered October 15, 1964, as is in favor of defendant hospital (upon the court's dismissal of the complaint as against the hospital at the close of the entire case) and in favor of defendant Goldsmith (upon the jury's verdict). Judgment, insofar as appealed from, reversed on the law and the facts, and a new trial granted as against said two defendants, with costs to plaintiffs to abide the event. The action is severed as to said two defendants. No questions of fact have been considered as to the defendant hospital. In our opinion, plaintiffs sufficiently proved that the injury occurred while plaintiff Frances Matlick was under anesthesia in the defendant hospital. Defendant Dr. Goldsmith was the anesthesiologist. Unlike the situation in *Quinones* v. *St. Vincent's Hosp.* (20 A D 2d 529, affd. 16 N Y 2d 572), plaintiffs' medical expert had personal knowledge of the events, having treated Mrs. Matlick some 10 days after the occurrence and for several years thereafter, and having participated in an eventual operation that disclosed a nerve condition specifically attributed to trauma by external force occasioned while under anesthesia at the defendant hospital for an operation unrelated to the area of injury.

There was sufficient history and testimony by Mrs. Matlick to support the expert's opinion. It was error to dismiss the complaint as against the defendant hospital in view of the above evidence, from which we must draw all favorable inferences in favor of plaintiffs. The hospital is liable for any negligent acts of its own employees and the evidence indicates that the hospital had concurrent control with Dr. Goldsmith. Plaintiffs are entitled to have the case go to the jury on the theory of *res ipsa loquitur* against both the hospital and Dr. Goldsmith. For this reason alone we are compelled to hold that the interests of justice require that plaintiffs be granted a new trial against Dr. Goldsmith on the theory of *res ipsa loquitur*. We would otherwise affirm the judgment as to him. On this record, no case of ordinary negligence can be made out and the new trial should proceed solely on the theory of *res ipsa loquitur*. Hill, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., and Brennan, J., dissent and vote to affirm the judgment, insofar as appealed from, with the following memorandum: In our opinion, the factual distinctions between *Quinones* v. *St. Vincent's Hosp.* (20 A D 2d 529, affd. 16 N Y 2d 572) and the instant case are not sufficient to cause a different result here. There was no proof of a negligent act on the part of any of the defendants. In resting upon the doctrine of *res ipsa loquitur*, plaintiff (Mrs. Matlick) was bound to establish that she sustained a traumatic injury while undergoing the operation or while recovering from the effects of the anesthetic which had been administered. There was testimony by the anesthesiologist that plaintiff had fully reacted at about 12:30 P.M., when he discharged her to the floor; by the recovery room nurse that plaintiff had fully reacted before she left the recovery room; by the floor nurse that plaintiff sat up and put her feet over the bed at about 4:00 P.M.; by a resident that plaintiff had made no complaint of neck pain the following day when she was discharged; and by the gynecologist that he had no recollection of plaintiff having a complaint upon discharge. As in *Quinones* (*supra*) the failure of a presumably conscious plaintiff to testify as to pain from the alleged traumatic injury on the day of the operation deprived the medical expert's testimony of the necessary factual background to fix the period of unconsciousness as the time of the injury and reduced his opinion on that issue to nothing more than speculation. Accordingly, the judgment should be affirmed, insofar as appealed from.