■ MARK PARROTT, Respondent, v MICHAEL PELUSIO, Appellant. DANIEL O'NEILL, Respondent, v MICHAEL PELUSIO, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: In these consolidated civil actions for assault, defendant first contends that the evidence concerning his departure from the jurisdiction was erroneously admitted. The circumstances, however, adequately support an inference that defendant's flight was indicative of his "consciousness of guilt" and the trial court properly instructed the jury that such proof, although of limited probative force, could be considered along with the other evidence (see *People v Yazum,* 13 NY2d 302). While plaintiffs should not have been allowed to establish that defendant had been indicted for the assault (see *People v Morrison,* 195 NY 116; *Van Bokkelen v Berdell,* 130 NY 141, 145), in view of the court's immediate explanation to the jury that an indictment constitutes no proof that defendant engaged in the alleged conduct, we do not believe that the error warrants reversal. Defendant next claims that plaintiff Mark Parrott was required to introduce expert medical testimony to establish that the blow to his left eye was the proximate cause of its removal. The proof shows that Parrott was struck in the left eye with a two-foot club. The attack was sudden and unprovoked, and the force of the blow knocked him to the floor. His eye bled and he was removed by ambulance to a hospital where he was diagnosed as having sustained a rupture of the left globe and a laceration of the lower left eyelid. He remained in the hospital and a few days thereafter his left eye was surgically removed. The applicable rule provides that "When the results of an alleged act of negligence are such that they are

within the experience and observation of an ordinary layman, a jury * * * can draw a conclusion as to causal relationship without the necessity of expert medical testimony" *(Mitchell v Coca-Cola Bottling Co.,* 11 AD2d 579, citing *Meiselman v Crown Hgts. Hosp.,* 285 NY 389, and *Shaw v Tague,* 257 NY 193). In our view, the jury was properly allowed to draw upon its own experience and observation,. despite the absence of medical testimony, in concluding that it was the blow to the eye with a club which caused the ruptured globe resulting in the removal of the eye. (Appeal from judgment of Monroe Supreme Court—negligence-assault.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.