■ ELSIE MACK, Respondent, v LYDIA E. HALL HOSPITAL et al., Appellants, et al., Defendants. (And a Third-Party Action.) —In a medical malpractice action, the defendants Lydia E. Hall Hospital, Carl Newman and Josef Jahr appeal from a judgment of the Supreme Court, Nassau County (Harwood, J.), dated November 15, 1984, which is in favor of the plaintiff and against them, upon a jury verdict, in the principal sum of $75,000.

Judgment affirmed, with costs.

The plaintiff, while under anesthesia, sustained third degree burns on the side of her left thigh during the course of a surgical procedure for the treatment of rectal cancer. The defendant Dr. Josef Jahr was the surgeon in charge of the operation. An electrical instrument called an electrocoagulator was used during the procedure to coagulate blood vessels and stop bleeding. A component part of the electrocoagulator known as a grounding pad was placed on the plaintiff's left thigh and remained there throughout the surgery. Electric current flowed through this grounding pad and the flow and increase of that current was controlled by Dr. Jahr. When the grounding pad was removed at the conclusion of the operation, a burn more than one-half-inch deep and over two inches in diameter was discovered on the skin directly underneath the area where the pad had been. The area of the burn was far removed from the abdominal and rectal area where the scheduled surgery was performed. The burn was excised along with the nerves that relate to pressure, pain and touch as well as blood vessels, and a 2¾-inch scar remains. At the trial, it was established that when an electrocoagulator is used, the accepted surgical practice is for the surgeon to know whether the pad was in full contact with the patient's skin since, if it is not, it could present a burn hazard to the patient. Dr. Jahr testified that he did not know if the grounding pad was in full contact with the skin and could not recall where on the plaintiff's body it was attached, whether anyone placed it on her body or whether he was in the room at the time the pad was placed on her. He added that he did not know that if the grounding pad was not in full contact with the patient's skin, it would cause a burn.

The plaintiff properly relied on the doctrine of res ipsa loquitur at the trial. This doctrine permits the jury to infer negligence and causation sufficient to establish a prima facie case based on circumstantial evidence (see, e.g., Griffen v Manice, 166 NY 188). The conditions required to be satisfied prior to the application of the doctrine are: (1) the event must be one that would not occur absent someone's negligence, (2) the event must be caused by an agency or instrumentality within the defendant's exclusive control, and (3) the plaintiff must not have voluntarily contributed to the event (although this condition may no longer need to be met due to the advent of comparative fault) (see, Dermatossian v New York City Tr. Auth., 67 NY2d 219; see also, Fogal v Genesee Hosp., 41 AD2d 468; Prosser and Keeton, Torts § 39, at 244 [5th ed]). Once

these preconditions for application of the doctrine of res ipsa loquitur are established by the plaintiff, it may be charged to the jury.

Generally, in medical malpractice cases, when an unexplained injury occurs in an area remote from the operation while the patient is anesthetized, the doctrine of res ipsa loquitur is applicable (see, Fogal v Genesee Hosp., supra; Pipers v Rosenow, 39 AD2d 240).

In the case at bar, it is undisputed that Dr. Jahr had full control of the instrumentality which caused the plaintiff's injury. There was testimony that the burning of the plaintiff's thigh was "an unusual thing", "a very unusual thing". Moreover, the plaintiff was unconscious during the entire procedure, and it is clear that the defendants had more access to evidence concerning the event than the plaintiff (see, Pipers v Rosenow, supra). Finally, the injured tissue was excised from the plaintiff's thigh. Thus, the trial court properly determined that the plaintiff was free to establish her case under the doctrine of res ipsa loquitur, and the jury was properly charged that the plaintiff could prove her case by circumstantial evidence.

Furthermore, given the undisputed nature of the plaintiff's injury, medical testimony was not necessary in order for the jury to find that the burn and its excision were the proximate cause of the plaintiff's pain (see, Parrott v Pelusio, 65 AD2d 914). Accordingly, the court properly permitted the plaintiff to testify concerning the results of her injury. Under the circumstances, the $75,000 verdict was not excessive. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.