■ Luis Sandoval, Appellant, v Stanley Works and Tools Division et al., Defendants-Respondents. (Appeal No. 1.) [690 NYS2d 360] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant The Stanley Works and Tools Division (Stanley Works) (appeal No. 1) and an order and judgment granting the motion of defendant Cotter & Company (Cotter) for a directed verdict dismissing the complaint against it (appeal No. 2). Plaintiff was injured when a small piece of metal lodged in his eye while he was watching a friend hammer a masonry nail. Plaintiff's friend was wearing protective eye wear as directed by the warning label on the hammer, which was manufactured by Stanley Works. The nails were distributed by Cotter.

Plaintiff waived his contention that Supreme Court's charge with respect to failure to warn was inadequate; the court used the language requested by plaintiff. In any event, the court properly instructed the jury on that issue (*see, Cooley v Carter-Wallace, Inc.,* 102 AD2d 642, 648).

The court properly denied plaintiff's request to charge breach of an implied warranty. Such a warranty does not run to plaintiff, a bystander (*see, Denny v Ford Motor Co.,* 87 NY2d 248, 255, 259, *rearg denied* 87 NY2d 969). The court also properly denied plaintiff's request for a missing witness charge. Plaintiff did not sustain his burden of establishing that Stanley Works failed to call an additional witness who would be expected to provide testimony favorable to plaintiff on the issue whether the hammer had a warning label when it was manufactured (*see, Coningsby v Marabell,* 214 AD2d 949, *lv denied* 86 NY2d 703). Nor did the court abuse its discretion in denying plaintiff's motion made during jury selection to amend the pleadings to allege a new theory of liability against Cotter (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959).

The court properly granted Cotter's motion for a directed verdict; plaintiff failed to present any evidence that the nails were defective (*see,* CPLR 4404; *see also, Petrovski v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608). The court also

properly denied plaintiff's motion to set aside the verdict as against the weight of the evidence. A fair interpretation of the evidence supports the jury's verdict (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Riggio v New Creation Fellowship,* 249 AD2d 942; *cf., Crumb v Fallon,* 156 AD2d 949). (Appeal from Judgment of Supreme Court, Erie County, Pigott, Jr., J.—Negligence.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.