■ MARY SCHMIDT et al., Respondents, v BUFFALO GENERAL HOSPITAL et al., Appellants, et al., Defendants. [718 NYS2d 514]

—Judgment unanimously affirmed without costs. Memorandum: Buffalo General Hospital, Charles C. Canver, M.D. and Mateo Guanzon, M.D. (defendants) contend that reversal is required based on Supreme Court's charge to the jury and the verdict sheet. We disagree. Defendants asked the court to include in its charge language from *Kambat v St. Francis Hosp.* (89 NY2d 489, 494) and thus waived any contention that the court erred in so charging the jury (*see, Sandoval v Stanley Works & Tools Div.*, 261 AD2d 885). In any event, the charge as a whole adequately conveyed the proper legal principles (*see generally, Sarosy v Scheina*, 225 AD2d 493, 494). Defendants failed to preserve for our review their contention that the language in the verdict sheet was erroneous (*see, Stevens v Brown*, 249 AD2d 909, 911). We reject the contention of defendants that their submission of a proposed verdict sheet preserved their specific contentions for our review. Defendants' proposed verdict sheet did not address the language challenged on appeal, nor did defendants object to the verdict sheet as given (*cf., Benson v Syntex Labs.*, 249 AD2d 904, 905). We further reject defendants' alternative contention that the language in the verdict sheet is a fundamental error that warrants reversal despite the alleged lack of preservation (*cf., Breitung v Canzano*, 238 AD2d 901, 902).

We reject defendants' contention that plaintiffs failed to establish that either Dr. Canver or Dr. Guanzon was negligent. The jury found that one or more of the five participants in the surgery performed on Mary Schmidt (plaintiff) was negligent and that the negligence was the proximate cause of plaintiff's injuries. The jury excluded two doctors and one nurse from the act of negligence but could not determine whether the negligent act was committed by Dr. Canver or Dr. Guanzon. In a multiple defendant action in which a plaintiff relies on the theory of res ipsa loquitur, a plaintiff is not required to identify the negligent actor (*see generally, Corcoran v Banner Super Mkt.*, 19 NY2d 425, 432-433, *mot to amend remittitur granted* 21 NY2d 793; *Schroeder v City & County Sav. Bank*, 293 NY 370, 374, *rearg denied* 293 NY 764). That rule is particularly appropriate in a medical malpractice case such as this in which the plaintiff has been anesthetized. "Plaintiff was rendered unconscious for the purpose of undergoing surgical treatment by the defendants; it is manifestly unreasonable for them to insist that [s]he identify any one of them as the person who did the alleged negligent act" (*Ybarra v Spangard*, 25 Cal 2d 486, 492, 154 P2d 687, 690; *see, Kerber v Sarles*, 151 AD2d 1031). (Appeal from Judgment of Supreme Court, Erie County, Dillon, J.—Negligence.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.