◼ JOSEPH GULLO et al., Respondents-Appellants, v VASSAR BROTHERS HOSPITAL et al., Defendants, BARRY JORDAN, Respondent, and JOSE R. FONTANEZ et al., Appellant-Respondent. [724 NYS2d 324] —In an action to recover damages for medical malpractice, etc., the defendant Jose R. Fontanez appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (LaCava, J.), dated November 18, 1999, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted the motion of the defendant Barry Jordan for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Jose R. Fontanez and substituting therefor a provision granting that motion; as so modified the order is affirmed, with costs payable by the plaintiff to the defendants Barry Jordan and Jose R. Fontanez, the complaint is dismissed insofar as asserted against the defendant Jose R. Fontanez, and the action against the remaining defendants is severed.

The defendant Jose R. Fontanez made a prima facie showing establishing his entitlement to judgment as a matter of law by tendering evidence that his actions in referring the plaintiff Joseph Gullo for further treatment to the defendant Barry Jordan did not deviate from accepted standards of care. In opposition the plaintiff failed to raise a triable issue of fact. Accordingly, Fontanez's motion should have been granted (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

Contrary to the plaintiffs' contentions, the Supreme Court properly granted Jordan's motion for summary judgment dismissing the complaint insofar as asserted against him. It is well settled that liability for medical malpractice may not be imposed in the absence of a physician-patient relationship (see, *Zimmerly v Good Samaritan Hosp.,* 261 AD2d 614). Jordan established his entitlement to summary judgment by making out a prima facie case that, as a matter of law, no physician-patient relationship existed until after the alleged injury occurred. In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.