*495 In an action to recover damages for breach of a title insurance policy and for a declaration that the defendant is obligated to defend and indemnify the plaintiff for legal fees, costs, and expenses incurred in prosecuting this action and a related action entitled Pryor v Binan, pending in the Supreme Court, Suffolk County, under Index No. 01663/99, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 12, 2002, as granted the defendant’s motion for leave to reargue the plaintiffs prior motion for summary judgment which was determined in an order of the same court dated September 28, 2001, and upon reargument, inter alia, denied the motion for partial summary judgment and dismissed those portions of the complaint seeking a declaration that the defendant is obligated to defend the plaintiff in the related action, indemnify her for legal fees, costs, and expenses incurred in that action, and indemnify her for legal fees, costs, and expenses in this action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant’s motion for leave to reargue is denied, so much of the order dated September 28, 2001, as granted the plaintiff’s motion for partial summary judgment is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Commonwealth Land Title Insurance Company is obligated to defend and indemnify the plaintiff in the related action entitled Pryor v Binan, pending in the Supreme Court, Suffolk County, under Index No. 01663/99.
The Supreme Court erred in granting the defendant’s motion for leave to reargue. The defendant did not establish that the Supreme Court misapplied the law or the facts in its original order (see CPLR 2221 [d] [2]). Furthermore, a motion for leave to reargue is not designed to offer a party an opportunity to argue a new theory of law not previously advanced by it (see Frisenda v X Large Enters., 280 AD2d 514 [2001]).
The title policy at issue obligates the defendant to defend the plaintiff and pay her legal fees, costs, and expenses in the action she commenced against her neighbors to quiet title, in which they have asserted a counterclaim against her (see Cohn v Commonwealth Land Tit. Ins. Co., 254 AD2d 241 [1998]; Eliopoulos v Nation’s Tit. Ins. of N.Y., 912 F Supp 28 [1996]). The plaintiff’s contention that she is entitled to legal fees, costs, and expenses in the instant action is an issue for the Supreme Court when determining the plaintiffs potential damages on her cause of action alleging breach of contract (see Hermann v Bahrami, 236 AD2d 516 [1997]; Citibank v Chicago Tit. Ins. Co., 214 AD2d *496 212 [1995]). Smith, J.E, Krausman, McGinity and Rivera, JJ., concur.