In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 31, 2002, which granted the defendants’ separate motions for partial summary judgment dismissing the causes of action alleging medical malpractice based on the infliction of a burn insofar as asserted against them.
Ordered that the order is reversed, on the law, with one bill of costs, the motions are denied, and the causes of action alleging medical malpractice based on the infliction of a burn are reinstated.
The plaintiff Roura Rosales-Rosario (hereinafter the injured plaintiff) sustained a burn on the inner portion of her right knee while hospitalized to give birth. The record reflects that she was heavily sedated, underwent a vaginal examination performed by the defendant Dr. Milagros Benedicto, and then received an epidural anaesthetic from physicians and nurses employed by the defendant Brookdale University Hospital and Medical Center which numbed her from the waist down. She discovered the burn upon awaking from her sedative-induced sleep. The cause of the injury was not identified, although some evidence in the record suggests that an overhead examination lamp in the labor and delivery room might have been responsible. The defendants denied employing the lamp in the course of their examinations and treatment of the injured plaintiff. Hospital records and deposition testimony indicate that Dr. Benedicto and medical employees of the hospital entered and exited the injured plaintiffs room several times in the two-hour period between the time the epidural anaesthetic was administered and the time the injured plaintiff awoke to discover the injury.
*497 The plaintiffs commenced this medical malpractice action relying in part on the doctrine of res ipsa loquitur and alleging that the defendants deviated from good and accepted medical practice both in inflicting the burn and in failing properly to treat it thereafter. The defendants separately moved for partial summary judgment dismissing the causes of action alleging medical malpractice based on the infliction of the burn arguing that the plaintiffs failed to establish the requisite elements of res ipsa loquitur. The Supreme Court granted the defendants’ motions. We reverse.
The Supreme Court erred in finding that the plaintiffs did not establish the requisite elements of the doctrine of res ipsa loquitur. To rely on the doctrine, a plaintiff must submit sufficient proof that (1) the injury is of a kind that does not occur in the absence of someone’s negligence, (2) the injury is caused by an agency or instrumentality within the exclusive control of the defendants, and (3) the injury is not due to any voluntary action on the part of the injured plaintiff (see Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]; Babits v Vassar Bros. Hosp., 287 AD2d 670, 671 [2001]). The doctrine is generally available to establish a prima facie case when an unexplained injury in an area which is remote from the treatment site occurs while the patient is anaesthetized (see Babits v Vassar Bros. Hosp., supra; Hill v Highland Hosp., 142 AD2d 955 [1988]; Mack v Lydia E. Hall Hosp., 121 AD2d 431 [1986]; Fogal v Genesee Hosp., 41 AD2d 468, 475 [1973]).
Infliction of a blistering burn on the inner portion of the injured plaintiffs right knee during or shortly after a vaginal examination and administration of an epidural anaesthetic is an event that a jury could reasonably infer would not occur in the absence of negligence (see Babits v Vassar Bros. Hosp., supra at 671; see also Dillon v Rockaway Beach Hosp., 284 NY 176 [1940]; Hill v Highland Hosp., supra). Further, any potential cause of the burn was within the exclusive control of the defendants (Babits v Vassar Bros. Hosp., supra; Hill v Highland Hosp., supra). Moreover, because the defendants together exercised concurrent control over the examination room, the medical procedures, and the equipment used to perform them, the application of the doctrine is not defeated solely because the injured plaintiff, who was under the effects of various medications, could not identify the person who caused her injury (see Schmidt v Buffalo Gen. Hosp., 278 AD2d 827; [2000] Fogal v Genesee Hosp., supra at 474-475; Matlick v Long Is. Jewish Hosp., 25 AD2d 538, 539 [1966]). The defendants adduced no evidence in admissible form that contradicted the injured *498 plaintiffs deposition testimony that she was unconscious at the time of injury, and thus could not have contributed to its cause (see Babits v Vassar Bros. Hosp., supra). Accordingly, the defendants’ motions should have been denied. Krausman, J.E, McGiriity, Cozier and Rivera, JJ., concur.