■ James DiGiacomo et al., Respondents-Appellants, v Cabrini Medical Center et al., Appellants-Respondents. [803 NYS2d 587]—

In an action to recover damages for medical malpractice, etc., the defendants, Cabrini Medical Center and Kenneth Francis, appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated September 15, 2003, as denied those branches of their separate motions pursuant to CPLR 4401 and 4404 which were to set aside a jury verdict in favor of the plaintiffs and against them and for judgment as a matter of law, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the defendants' separate motions which were to set aside the jury award as excessive and reduced the jury award for past pain and suffering from the sum of $350,000 to the sum of $120,000, and for future pain and suffering from the sum of $470,000 to the sum of $25,000.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provisions thereof granting those branches of the defendants' respective motions which were to set aside the jury award as excessive and reducing the jury award for past pain and suffering from the sum of $350,000 to the sum of $120,000, and for future pain and suffering from

the sum of $470,000 to the sum of $25,000, and substituting therefor provisions granting those branches of the defendants' respective motions which were to set aside the jury award as excessive by reducing the jury award for past pain and suffering from the sum of $350,000 to the sum of $250,000, and for future pain and suffering from the sum of $470,000 to the sum of $350,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment in accordance herewith.

The plaintiff James DiGiacomo (hereinafter the injured plaintiff) suffered from Type I (juvenile) diabetes. The injured plaintiff experienced extensive wound healing difficulty after several of the toes on his left foot were amputated. At the suggestion of the defendant Kenneth Francis (hereinafter Dr. Francis), the injured plaintiff underwent a free-tissue transfer which involved the "harvesting" of muscle from his right inner thigh and implanting the tissue on his left forefoot. On August 11, 1997, the injured plaintiff was admitted to the defendant Cabrini Medical Center (hereinafter Cabrini). Upon the injured plaintiff's admission, a Cabrini staff nurse examined his right foot as part of the admission process and found nothing wrong with it. Early the following morning, hospital personnel transferred the injured plaintiff to a gurney and transported him to a holding area outside the operating room. Additional hospital personnel then transported him into the operating room and placed him on the operating table. At that point, a Cabrini surgical nurse examined the injured plaintiff. She testified at trial that she inspected the injured plaintiff's feet and found no lesions or wounds on his right foot.

Shortly thereafter, the injured plaintiff was placed under general anesthesia. After the surgery, Cabrini staff transferred the injured plaintiff from the operating room table to the recovery room and then to the Surgical Intensive Care Unit (hereinafter SICU) for overnight observation. In the early hours of the following day, the injured plaintiff awoke in the SICU from the effects of the anesthesia. That morning, Cabrini staff transported the injured plaintiff from the SICU to a regular hospital room. It was at that point, while the "transporters" were transferring the injured plaintiff from the SICU bed to a regular hospital bed that the injured plaintiff's wife first noticed an injury on the bottom of the injured plaintiff's right foot. The injury appeared to be one, or possibly two blood blisters. During subsequent discussions with the plaintiffs, Dr. Francis stated

that the wound was most likely a traumatic injury caused by pressure. The wound progressed and became much worse, eventually necessitating a below-the-knee amputation of the injured plaintiff's right leg.

Contrary to the defendants' contentions, we find that the Supreme Court correctly charged the jury on the theory of res ipsa loquitur. To rely on the doctrine, a plaintiff must submit sufficient proof that (1) the injury is of a kind that does not occur in the absence of someone's negligence, (2) the injury is caused by an agency or instrumentality within the exclusive control of the defendants, and (3) the injury is not due to any voluntary action on the part of the injured plaintiff (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Rosales-Rosario v Brookdale Univ. Hosp. & Med. Ctr.*, 1 AD3d 496, 497 [2003]; *Babits v Vassar Bros. Hosp.*, 287 AD2d 670, 671 [2001]). The doctrine is generally available to establish a prima facie case when an unexplained injury in an area which is remote from the treatment site occurs while the patient is anesthetized (*see Babits v Vassar Bros. Hosp., supra; Rosales-Rosario v Brookdale Univ. Hosp. & Med. Ctr., supra; Hill v Highland Hosp.*, 142 AD2d 955 [1988]; *Mack v Lydia E. Hall Hosp.*, 121 AD2d 431 [1986]; *Fogal v Genesee Hosp.*, 41 AD2d 468, 475 [1973]).

Infliction of a blood blister on the bottom of the injured plaintiff's right foot during or shortly after undergoing a free-tissue transfer of his left foot while he was under the effects of anesthesia is an event that a jury could reasonably infer would not occur in the absence of negligence (*see Rosales-Rosario v Brookdale Univ. Hosp. & Med. Ctr., supra* at 497; *Babits v Vassar Bros. Hosp., supra* at 671; *see also Dillon v Rockaway Beach Hosp.*, 284 NY 176 [1940]; *Hill v Highland Hosp., supra*). Moreover, since both defendants exercised control over the injured plaintiff while he was anesthetized, the application of the doctrine was not defeated solely because the injured plaintiff, who was under the effects of anesthesia, could not identify the person who caused his injury (*see Rosales-Rosario v Brookdale Univ. Hosp. & Med. Ctr., supra*; *Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827 [2000]; *Fogal v Genesee Hosp., supra* at 474-475; *Matlick v Long Is. Jewish Hosp.*, 25 AD2d 538, 539 [1966]). The defendants adduced no evidence in admissible form that contradicted the plaintiffs' testimony that the injured plaintiff was unconscious at the time of the injury, and thus could not have contributed to its cause (*see Babits v Vassar Bros. Hosp., supra*). Accordingly, the Supreme Court properly charged the jury on the theory of res ipsa loquitur.

With regard to the plaintiffs' cross appeal, we find that the

Supreme Court erred in reducing the jury award for past and future pain and suffering to the extent indicated. Upon our consideration of the nature and extent of the injuries sustained by the injured plaintiff, as well as other relevant medical evidence, the awards have been modified accordingly (*see* CPLR 5501 [c]; *Crockett v Long Beach Med. Ctr.*, 15 AD3d 606, 607 [2005]; *cf. Hornicek v Yonchik*, 284 AD2d 895 [2001]; *Kahl v MHZ Operating Corp.*, 270 AD2d 623 [2000]).

The defendants' remaining contentions are without merit. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.