■ LOUISE SIMMONS, Appellant, v DAVID T. NEUMAN et al., Respondents. [855 NYS2d 189]—

In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated February 26, 2007, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for medical malpractice after she allegedly suffered burns to her right thigh during surgery on her right shoulder. After issue

was joined, but prior to the completion of disclosure, the plaintiff moved for summary judgment on the issue of liability pursuant to the doctrine of res ipsa loquitur. The Supreme Court denied such relief. We affirm.

To rely on the doctrine of res ipsa loquitur, a plaintiff must demonstrate that (1) the injury is of a kind that does not occur in the absence of someone's negligence, (2) the injury is caused by an agency or instrumentality within the exclusive control of the defendants, and (3) the injury is not due to any voluntary action on the part of the injured plaintiff (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *States v Lourdes Hosp.*, 100 NY2d 208, 211-212 [2003]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]; *DiGiacomo v Cabrini Med. Ctr.*, 21 AD3d 1052, 1054 [2005]). Since the doctrine concerns circumstantial evidence which allows, but does not require, the fact finder to infer that the defendant was negligent, "res ipsa loquitur evidence does not ordinarily or automatically entitle the plaintiff to summary judgment or a directed verdict, even if the plaintiff's circumstantial evidence is unrefuted" (*Morejon v Rais Constr. Co.*, 7 NY3d at 209). Rather, "only in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment or a directed verdict. That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (*id.*). Here, on the limited record made, this standard was not met, particularly as to the second element of the doctrine.

The plaintiff alleged that she was burned by an item identified variously throughout the record as a "Bovie apparatus," a "Bovie device," and "Bovie pads." However, nothing in the record describes or explains that device, or its use, if any, during the surgery at issue. Further, there are no relevant factual allegations concerning the surgery itself, such as the personnel involved in the surgery and their relationships, if any, or the responsibilities of each (*see Fogal v Genesee Hosp.*, 41 AD2d 468 [1973]; *Matlick v Long Is. Jewish Hosp.*, 25 AD2d 538 [1966]; *cf. Rosales-Rosario v Brookdale Univ. Hosp. & Med. Ctr.*, 1 AD3d 496 [2003]). Consequently, summary judgment on the issue of liability was properly denied. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.