*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519236
_____

JAMES FRANK et al.,

                    Appellants-
                    Respondents,

        v

WILLIAM SMITH,

                    Respondent,          MEMORANDUM AND ORDER
        and

MARGARET BALASSONE et al.,
                    Respondents-
                    Appellants.
_____


Calendar Date:  February 20, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


        Conway & Kirby, PLLC, Latham (Nicholas A. Battaglia of
counsel), for appellants-respondents.

        Thuillez Ford Butler & Monroe, LLP, Albany (Andrew L.
McNamara of counsel), for respondent.

        Maguire Cardona, PC, Menands (Alicia M. Dodge of counsel),
for respondents-appellants.

                    _____


Lahtinen, J.P.

        Cross appeals from an order of the Supreme Court (Muller,
J.), entered September 17, 2013 in Essex County, which, among
other things, granted a motion by defendant William Smith for
summary judgment dismissing the complaint against him and denied
a motion by defendants Margaret Balassone and Adirondack Medical

Center for summary judgment dismissing the complaint against them.

Plaintiff James Frank (hereinafter plaintiff) injured his right arm and shoulder while working as an automobile mechanic. When his condition failed to improve with conservative treatment, he underwent surgery at defendant Adirondack Medical Center. Defendant William Smith, an orthopedic surgeon, performed a right shoulder arthroscopy, acromioplasty and mini-open biceps tenodesis to treat plaintiff's ruptured long head of biceps and shoulder impingement. The anesthesiologist was defendant Margaret Balassone, an Adirondack Medical Center employee, who administered an interscalene nerve block and general anesthesia. Following the surgery, plaintiff had numbness and was unable to flex his right index finger and thumb, a condition allegedly caused by damage to his anterior interosseous nerve during the medical procedure. Thereafter, plaintiff and his wife, derivatively, commenced this medical malpractice action. Following disclosure, Smith moved for summary judgment dismissing the complaint, and Balassone, together with the Adirondack Medical Center (hereinafter the Balassone defendants), moved for the same relief. Plaintiffs cross-moved for summary judgment on the issue of liability. Supreme Court granted Smith's motion, but denied the Balassone defendants' motion, as well as plaintiffs' cross motion. Plaintiffs and the Balassone defendants now appeal.[1]

We consider first plaintiffs' argument that they sufficiently established the applicability of res ipsa loquitur. "Ordinarily, a plaintiff asserting a medical malpractice claim must demonstrate that the doctor deviated from acceptable medical practice, and that such deviation was a proximate cause of the plaintiff's injury" (James v Wormuth, 21 NY3d 540, 545 [2013] [citations omitted]). "Where the actual or specific cause of an accident is unknown, under the doctrine of res ipsa loquitor a jury may in certain circumstances infer negligence merely from

_____

[1] Plaintiffs make no argument on their appeal regarding the denial of their cross motion for partial summary judgment on the issue of liability.

the happening of an event and the defendant's relation to it" (<u>Kambat v St. Francis Hosp.</u>, 89 NY2d 489, 494 [1997] [citations omitted]).  "In a multiple defendant action in which a plaintiff relies on the theory of res ipsa loquitur, a plaintiff is not required to identify the negligent actor [and] [t]hat rule is particularly appropriate in a medical malpractice case . . . in which the plaintiff has been anesthetized" (<u>Schmidt v Buffalo Gen. Hosp.</u>, 278 AD2d 827, 828 [2000], <u>lv denied</u> 96 NY2d 710 [2001] [internal citations omitted]; <u>see</u> <u>Backus v Kaleida Health</u>, 91 AD3d 1284, 1286 [2012]; <u>Kerber v Sarles</u>, 151 AD2d 1031, 1032 [1989]).  Elements of res ipsa loquitur are: "[f]irst, the event must be of a kind that ordinarily does not occur in the absence of someone's negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff" (<u>Kambat v St. Francis Hosp.</u>, 89 NY2d at 494; <u>accord</u> <u>James v Wormuth</u>, 21 NY3d at 546; <u>see</u> <u>States v Lourdes Hosp.</u>, 100 NY2d 208, 211-212 [2003]).

The first two elements are disputed here.  With regard to the first element, we initially note that, although the interscalene block administered by Balassone and the surgery by Smith occurred in the neck and shoulder region, the injury that plaintiff complained of following the surgery involved his finger and thumb.  There was no proof that plaintiff had a relevant pre-existing injury or that the injury occurred in any fashion other than during the medical procedure.  Plaintiffs' expert stated that both the block and surgery were performed in close proximity to the brachial plexus nerves.  The expert explained in detail that the anterior interosseous nerve originates in the neck from the brachial plexus and, despite combining and recombining, maintains its identity.  The expert opined to a reasonable degree of medical certainty that the injury that plaintiff sustained occurred because of negligence and failure by either Balassone or Smith to follow proper protocols and procedures.

Although such proof establishes the first element as to the Balassone defendants, Smith further contends that it is insufficient as to him because plaintiffs' expert, an anesthesiologist and pain management physician, was not qualified to render an opinion regarding the surgery.  We are unpersuaded.

A medical expert does not have to be a specialist in the same field as a defendant doctor and, at trial, the absence of a same speciality generally goes to weight (see Swartz v St. Mary's Hosp. of Amsterdam, 101 AD3d 1273, 1274 [2012], lv denied 21 NY3d 859 [2013]; Bell v Ellis Hosp., 50 AD3d 1240, 1242 [2008]; Payant v Imobersteg, 256 AD2d 702, 704-705 [1998]), unless the expert fails to establish knowledge and expertise in the relevant area (see Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895 [2004]).  Plaintiffs' expert set forth sufficient knowledge of the nature and location of the pertinent nerves as well as relevant aspects of the surgery to render an opinion, particularly for purposes of opposing a motion for summary judgment (see DaRonco v White Plains Hosp. Ctr., 215 AD2d 339, 340 [1995]; see also Mineo v Owen W. Young, M.D., P.C., 248 AD2d 1012, 1012 [1998]).  Moreover, the expert's opinions are sufficiently detailed and supported by reference to and discussion of relevant medical records and testimony so as not to be, as asserted by defendants, wholly conclusory.

Turning to the second element of res ipsa loquitur, the record reflects that several physicians examined and treated plaintiff for the nerve damage after the surgery and, although they agreed that plaintiff had sustained a nerve injury, they were unable to agree exactly where the nerve had been damaged or whether the damage occurred during the block or the surgery. Plaintiffs' expert stated that the "[m]ost plausibl[e]" cause was the block administered by Balassone, but the expert explained it could have occurred in the surgery.  Even Smith acknowledged in his deposition testimony and medical notes that the damage could have occurred in either the block or the surgery.  Although the block and surgery did not happen simultaneously and each was conducted by a separate physician, both occurred during a single medical procedure involving plaintiff's arm and shoulder and at a time when plaintiff was sedated and then anesthetized.  Under the circumstances, plaintiffs adequately established the second element of res ipsa loquitur (see Schmidt v Buffalo Gen. Hosp., 278 AD2d at 828).

Since plaintiffs may rely upon res ipsa loquitur and the record reflects that factual issues exist, summary judgment is not appropriate for Smith or the Balassone defendants (see

generally <u>Cole v Champlain Val. Physicians' Hosp. Med. Ctr.</u>, 116 AD3d 1283, 1286 [2014]; <u>DeCarlo v Eden Park Health Servs., Inc.</u>, 66 AD3d 1211, 1212-1213 [2009]).  The remaining arguments are either academic or unavailing.

Garry, Rose and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant William Smith's motion for summary judgment dismissing the complaint; said motion denied; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court