CAROLINE SWOBODA et al., Appellants, v ADRIAN PHILIP FONTANETTA et al., Respondents. [17 NYS3d 50]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mc-

Cormack, J.), entered June 17, 2013, as granted that branch of the motion of the defendant AMBI Medical Associates, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it, the separate motion of the defendants Day-Op Center of Long Island, Inc., and United Surgical Partners International for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the separate motion of the defendants Adrian Philip Fontanetta and Western Nassau Orthopedic Associates, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant AMBI Medical Associates, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the motion of the defendants Day-Op Center of Long Island, Inc., and United Surgical Partners International which was for summary judgment dismissing the complaint insofar as asserted against the defendant Day-Op Center of Long Island, Inc., and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof granting that branch of the motion of the defendants Adrian Philip Fontanetta and Western Nassau Orthopedic Associates, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs by the respondents appearing separately and filing separate briefs.

On November 9, 2007, the defendant physician Adrian Philip Fontanetta, who was employed by the defendant Western Nassau Orthopedic Associates, P.C. (hereinafter Western Nassau), performed an arthroscopic subacromial decompression of the right shoulder (hereinafter the surgery) of the plaintiff Caroline Swoboda (hereinafter the injured plaintiff). The surgery was performed at the defendant Day-Op Center of Long Island, Inc. (hereinafter Day-Op), while the injured plaintiff was under general anesthesia administered by a physician employed by the defendant AMBI Medical Associates, P.C. (hereinafter AMBI).

At her deposition, the injured plaintiff testified that she felt pain in her clavicle area upon leaving Day-Op, but that she did

not immediately report this pain to Fontanetta because she thought that it was normal to feel pain after her surgery. On November 13, 2007, without having an appointment with Fontanetta, the injured plaintiff went to Fontanetta's office because she was in great pain and had swelling in her clavicle area. According to the injured plaintiff, without examining her, Fontanetta told her that she was feeling pain because of a muscle and sent her home. On November 27, 2009, the injured plaintiff returned to Fontanetta's office, complaining of continuing pain in the mid-clavicle area. An examination revealed, supraclavicular swelling, and an X ray revealed a fracture of the mid-shaft of the injured plaintiff's clavicle. The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for medical malpractice, contending that the fracture of the injured plaintiff's clavicle occurred during the surgery, and relying upon the doctrine of res ipsa loquitur.

The Supreme Court properly granted that branch of the motion of Day-Op and United Surgical Partners International (hereinafter United Surgical) which was for summary judgment dismissing the complaint insofar as asserted against United Surgical, which was the parent company of a management company that provided administrative support to Day-Op. These defendants established that there was no physician-patient relationship between the injured plaintiff and United Surgical (see Levy v Nassau Health Care Corp., 40 AD3d 591 [2007]; Gullo v Vassar Bros. Hosp., 282 AD2d 708, 709 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

However, the Supreme Court should have denied those branches of the motion of AMBI, the separate motion of Day-Op and United Surgical, and the separate motion of Fontanetta and Western Nassau which were for summary judgment dismissing the complaint insofar as asserted against AMBI, Day-Op, Fontanetta, and Western Nassau, respectively.

"[R]es ipsa loquitur [is] available in a narrow category of factually simple medical malpractice cases requir[ing] no expert to enable the jury reasonably to conclude that the accident would not happen without negligence" (States v Lourdes Hosp., 100 NY2d 208, 210 [2003] [internal quotation marks omitted]). The doctrine is available when (1) the event is of a kind that ordinarily does not occur in the absence of someone's negligence; (2) the event is caused by an agent or instrumentality within the exclusive control of the defendant; and (3) the event was not caused by any voluntary action or contribution

on the part of the plaintiff (*see James v Wormuth*, 21 NY3d 540, 546 [2013]). "The doctrine is generally available to establish a prima facie case when an unexplained injury in an area which is remote from the treatment site occurs while the patient is anesthetized" (*DiGiacomo v Cabrini Med. Ctr.*, 21 AD3d 1052, 1054 [2005]). "In a multiple defendant action in which a plaintiff relies on the theory of res ipsa loquitur, a plaintiff is not required to identify the negligent actor [and] [t]hat rule is particularly appropriate in a medical malpractice case . . . in which the plaintiff has been anesthetized" (*Frank v Smith*, 127 AD3d 1301, 1302 [2015] [internal quotation marks omitted]; *see Antoniato v Long Is. Jewish Med. Ctr.*, 58 AD3d 652, 655 [2009]). "To rely on res ipsa loquitur a plaintiff need not conclusively eliminate the possibility of all other causes of the injury. It is enough that the evidence supporting the three conditions afford a rational basis for concluding that it is more likely than not that the injury was caused by [the] defendant's negligence. Stated otherwise, all that is required is that the likelihood of other possible causes of the injury be so reduced that the greater probability lies at defendant's door" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997] [citation and internal quotation marks omitted]).

Here, the evidence submitted by the defendants in support of their respective motions revealed the existence of a triable issue of fact regarding the liability of AMBI, Day-Op, Fontanetta, and Western Nassau under the doctrine of res ipsa loquitur (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 212 [2006]; *Gaspard v Barkly Coverage Corp.*, 65 AD3d 1188, 1189 [2009]; *Rosales-Rosario v Brookdale Univ. Hosp. & Med. Ctr.*, 1 AD3d 496, 497-498 [2003]). Accordingly, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against AMBI, Day-Op, Fontanetta, and Western Nassau (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.