White v Bajwa (2018 NY Slip Op 03246)





White v Bajwa


2018 NY Slip Op 03246


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


264 CA 17-01390

[*1]TIMOTHY WHITE, PLAINTIFF-APPELLANT-RESPONDENT,
v
MEHTAB SINGH BAJWA, M.D., ANESTHESIA GROUP OF ONONDAGA, P.C., TRACIE O'SHEA, C.R.N.A., ST. JOSEPH'S HOSPITAL, DEFENDANTS-RESPONDENTS-APPELLANTS, BRETT GREENKY, M.D., AND SYRACUSE ORTHOPEDIC SPECIALISTS, P.C., DEFENDANTS-RESPONDENTS. 






HARRIS & PANELS, SYRACUSE (MICHAEL W. HARRIS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (DANIEL P. LARABY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS MEHTAB SINGH BAJWA, M.D., ANESTHESIA GROUP OF ONONDAGA, P.C., AND TRACIE O'SHEA, C.R.N.A.
MAGUIRE CARDONA, P.C., ALBANY (KATHLEEN A. BARCLAY OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT ST. JOSEPH'S HOSPITAL.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JAMES D. LANTIER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal and cross appeals from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 24, 2017. The order granted the motion of defendants Brett Greenky, M.D., and Syracuse Orthopedic Specialists, P.C., for summary judgment dismissing the complaint against them, denied the cross motion of defendants Mehtab Singh Bajwa, M.D., Anesthesia Group of Onondaga, P.C., and Tracie O'Shea, C.R.N.A., for partial summary judgment, and granted in part and denied in part the motion for summary judgment of defendant St. Joseph's Hospital. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of defendants Brett Greenky, M.D. and Syracuse Orthopedic Specialists, P.C. and reinstating the negligence cause of action against them concerning their surgical care of plaintiff to the extent that plaintiff relies on the doctrine of res ipsa loquitur, and denying the motion of defendant St. Joseph's Hospital in its entirety and reinstating the complaint against it in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries he sustained to his left eye during hip replacement surgery performed at defendant St. Joseph's Hospital (Hospital). Defendants Brett Greenky, M.D. and Syracuse Orthopedic Specialists, P.C. (SOS) were retained by plaintiff to perform the surgery, and defendants Mehtab Singh Bajwa, M.D., Tracie O'Shea, C.R.N.A., and the Anesthesia Group of Onondaga, P.C. (collectively, anesthesia defendants) were responsible for, inter alia, administering the anesthesia to plaintiff prior to the surgery. Plaintiff's complaint asserted two causes of action against all defendants, for negligence and lack of informed consent. In his bill of particulars, plaintiff alleged, inter alia, that all defendants were negligent in failing to protect and safeguard his eyes while he was under their care and were further negligent in his follow-up care by, inter alia, failing to refer him to an eye specialist for immediate care. Plaintiff also asserted that he would be relying on the doctrine of res ipsa loquitur in support of his negligence cause of action. All of the named defendants moved/cross-moved for summary judgment. Specifically, Greenky, SOS, [*2]and the Hospital sought dismissal of the complaint against them, while the anesthesia defendants sought dismissal of the complaint against them to the extent that plaintiff relied on the doctrine of res ipsa loquitur in his negligence cause of action. Supreme Court granted the motion of Greenky and SOS, denied the cross motion of the anesthesia defendants, and granted only that part of the motion of the Hospital with respect to plaintiff's reliance on the doctrine of res ipsa loquitur in his negligence cause of action. Plaintiff appeals, and the anesthesia defendants and the Hospital cross-appeal. We note at the outset that plaintiff raises no issues on appeal concerning the dismissal of his cause of action for lack of informed consent or the dismissal of that part of his negligence cause of action with respect to post-operative care against Greenky and SOS and is therefore deemed to have abandoned any such issues (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with plaintiff on his appeal that the court erred in granting those parts of the motions of Greenky, SOS, and the Hospital with respect to plaintiff's negligence cause of action concerning surgical care to the extent that plaintiff relies on the doctrine of res ipsa loquitur, and we therefore modify the order accordingly. We similarly conclude on the cross appeal of the anesthesia defendants that the court properly denied their cross motion with respect to those allegations in the negligence cause of action. "Ordinarily, a plaintiff asserting a medical malpractice claim must demonstrate that the doctor deviated from acceptable medical practice, and that such deviation was a proximate cause of the plaintiff's injury" (James v Wormuth, 21 NY3d 540, 545 [2013]). "Where the actual or specific cause of an accident is unknown, under the doctrine of res ipsa loquitur a jury may in certain circumstances infer negligence merely from the happening of an event and the defendant's relation to it" (Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]). "In a multiple defendant action in which a plaintiff relies on the theory of res ipsa loquitur, a plaintiff is not required to identify the negligent actor . . . That rule is particularly appropriate in a medical malpractice case such as this in which the plaintiff has been anesthetized" (Schmidt v Buffalo Gen. Hosp., 278 AD2d 827, 828 [4th Dept 2000], lv denied 96 NY2d 710 [2001]). Here, plaintiff was under the care and control of Greenky, SOS and the anesthesia defendants during the surgery, and the Hospital immediately after the surgery. During that time, plaintiff was either under anesthesia and/or not fully awake or oriented to his surroundings. While O'Shea testified that there was no indication of an eye injury when she delivered plaintiff to the recovery room, hospital staff testified that plaintiff's eye was noticeably irritated at that time. Consequently, there is an issue of fact whether plaintiff sustained the eye injury in the operating room or in the recovery room. " Plaintiff was rendered unconscious for the purpose of undergoing surgical treatment . . . [, and] it is manifestly unreasonable for [the defendants] to insist that [he] identify any one of them as the person who did the alleged negligent act' " (id.; see Frank v Smith, 127 AD3d 1301, 1302 [3d Dept 2015]; DiGiacomo v Cabrini Med. Ctr., 21 AD3d 1052, 1054 [2d Dept 2005], lv denied 6 NY3d 703 [2006]).
Contrary to the Hospital's contention on its cross appeal, the court properly denied that part of its motion for summary judgment dismissing the negligence cause of action against it insofar as it is based on plaintiff's post-operative care. Even assuming, arguendo, that the Hospital met its initial burden, we conclude that plaintiff raised an issue of fact by his expert's affirmation, which adequately addressed defendants' departure from accepted practice and stated that defendants' omissions or departures were a competent producing cause of the injury (see O'Shea v Buffalo Med. Group, P.C., 64 AD3d 1140, 1140 [4th Dept 2009], appeal dismissed 13 NY3d 834 [2009]). While we agree with the Hospital that " [g]enerally, a hospital cannot be held vicariously liable for the malpractice of a private attending physician who is not its employee' " (Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1129 [2d Dept 2017]) and that " a hospital is normally protected from tort liability if its staff follows the orders' of the patient's private physician" (Warney v Haddad, 237 AD2d 123, 123 [1st Dept 1997], quoting Toth v Community Hosp. at Glen Cove, 22 NY2d 255, 265 [1968], rearg denied 22 NY2d 973 [1968]), the Hospital may be liable for independent acts of negligence of its employees (see Lorenzo v Kahn, 74 AD3d 1711, 1712-1713 [4th Dept 2010]). Here, plaintiff's expert opined that Hospital staff should have obtained a referral for plaintiff to an eye specialist and that such failure, among others, was a departure from accepted practice and a competent producing cause of plaintiff's eye injury. The Hospital's contentions regarding the qualifications of plaintiff's expert are raised for the first time on appeal and are therefore not properly before us (see Ciesinski, 202 AD2d at 985).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court