Order, Supreme Court, New York County (Saliann Scarpulla, JJ, entered February 6, 2012, which denied plaintiffs posttrial motion to set aside the verdict, unanimously affirmed, without costs.
*531 On December 11, 2007, defendant Dr. Tornambe performed bilateral breast revision surgery, including implant replacement, on plaintiff. Plaintiff brought suit, alleging that the left breast revision resulted in nipple asymmetry and breast deformity.
We perceive no basis to disturb the jury’s crediting of the testimony of defendant Dr. Tornambe that he marked plaintiff s breasts intraoperatively while she was in a seated position, a procedure the experts agreed was within the standard of care (see Torricelli v Pisacano, 9 AD3d 291 [1st Dept 2004], lv denied 3 NY3d 612 [2004]).
The trial court did not commit reversible error in allowing into evidence testimony concerning plaintiffs expert’s prior medical malpractice actions against her. This evidence was at most harmless error, particularly since the same testimony was elicited from defendant’s expert.
Since plaintiffs expert testified that nipple asymmetry and breast deformity can occur in the absence of negligence, the trial court appropriately declined plaintiffs request to charge the jury with res ipsa loquitur (see generally States v Lourdes Hosp., 100 NY2d 208 [2003]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Mazzarelli, J.E, Saxe, Moskowitz and Manzanet-Daniels, JJ.