■ Ursulina Reyes, Respondent, v Jose R. Sanchez-Pena, M.D., et al., Appellants, et al., Defendants. [986 NYS2d 466]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered on or about March 10, 2009, which, to the extent appealed from as limited by the briefs, denied defendant Ladislav Habina, M.D.'s and defendants Jose R. Sanchez-Pena, M.D. and Comprehensive Medical Evaluations, P.C.'s respective motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.

The motion court erred in denying defendants' motions on the ground that they failed to annex complete copies of the pleadings, including those of the non-movants, to their motion papers (*see* CPLR 3212 [b]). Since each moving party provided copies of the pleadings pertaining to the claims against that party, the record was complete for purposes of deciding the motions (*see Chan v Garcia*, 24 AD3d 197 [1st Dept 2005]). The court also erred in finding the motions untimely, since Habina's motion was made within the statutory time periods (CPLR 3212 [a]), and Sanchez-Pena and Comprehensive Medical Evaluations's motion was timely pursuant to a stipulation accepted by the court on an earlier return date.

Defendants established prima facie that the injury and symptomatology of which plaintiff complained was not a result of the procedure they performed, a series of cervical facet and epidural steroid injections. In opposition, plaintiff failed to raise an issue of fact. Her expert opined that an unspecified nerve root or axon was somehow injured at some point during the procedure. Although photographs taken during the procedure show no such occurrence, and the post-procedure MRI depicted no such injury, plaintiff's expert stated that EMG testing and plaintiff's symptoms provided evidence of the occurrence. This opinion amounts to conjecture, which is insufficient to defeat a motion for summary judgment (*see Foster-Sturrup v Long*, 95 AD3d 726 [1st Dept 2012]).

Nor did plaintiff establish that the doctrine of res ipsa loquitur is applicable to this case (*see Jacobs v Madison Plastic Surgery, P.C.*, 106 AD3d 530 [1st Dept 2013]; *Johnson v St. Barnabas Hosp.*, 52 AD3d 286 [1st Dept 2008], *lv denied* 11 NY3d 705 [2008]). Plaintiff had been diagnosed with cervical radiculopathy before the procedure performed by defendants, and her MRIs revealed significant progressive spinal and disc disease both before and after the procedure. Plaintiff's expert provided insufficient evidentiary support for his conclusion that plaintiff's post-procedure radicular complaints were a result of the procedure, rather than the progression of her disease.

Concur—Sweeny, J.P., Acosta, Renwick, Andrias and Freedman, JJ.