■ GERALD McCARTHY, Respondent-Appellant, v NORTHERN WESTCHESTER HOSPITAL et al., Appellants-Respondents, et al., Defendants. [33 NYS3d 77]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Northern Westchester Hospital appeals, and the defendants Ezriel Kornell and Kent Duffy separately appeal, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated December 4, 2013, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment on the issue of liability on his cause of action alleging medical

malpractice against the defendants Northern Westchester Hospital, Ezriel Kornell, and Kent Duffy.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the motion of the defendant Northern Westchester Hospital, and the separate motion of the defendants Ezriel Kornell and Kent Duffy, for summary judgment dismissing the complaint insofar as asserted against each of them, and substituting therefor a provision granting those motions; as so modified, the order is affirmed, with one bill of costs to the defendants Northern Westchester Hospital, Ezriel Kornell, and Kent Duffy, appearing separately and filing separate briefs.

On January 18, 2010, the plaintiff underwent a spinal discectomy and fusion surgery performed by the defendants Ezriel Kornell and Kent Duffy at the defendant Northern Westchester Hospital (hereinafter Northern Westchester, and collectively the defendants). The surgery involved the use of a bone allograft. Twenty-nine days after the surgery, on February 16, 2010, the plaintiff returned to the hospital with symptoms of an infection, which was diagnosed on March 1, 2010, as an infection caused by the bacteria salmonella hadar.

The plaintiff commenced this action against, among others, the defendants. Northern Westchester moved, and Kornell and Duffy separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them, asserting that they did not depart from accepted medical practice in their treatment of the plaintiff, and that any alleged departures from accepted medical practice were not the proximate cause of the plaintiff's injury. The plaintiff opposed the defendants' motions, relying, in part, on the doctrine of res ipsa loquitur. The plaintiff also cross-moved for summary judgment on the issue of liability on his cause of action alleging medical malpractice against the defendants. The Supreme Court denied the motions and the cross motion.

To prevail on a motion for summary judgment in a medical malpractice action, the defendant must "make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (*Matos v Khan*, 119 AD3d 909, 910 [2014]). In response, the plaintiff need only raise a triable issue of fact regarding "the element or elements on which the defendant has made its prima facie showing" (*Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]; *see Stukas v Streiter*, 83 AD3d 18 [2011]). Here, the defendants established their prima facie entitlement to judgment as a matter of law

by submitting expert affirmations which demonstrated that they did not depart from the accepted standard of care in their treatment of the plaintiff (*see Harris v Saint Joseph's Med. Ctr.*, 128 AD3d 1010 [2015]; *Seiden v Sonstein*, 127 AD3d 1158 [2015]; *Matos v Khan*, 119 AD3d 909 [2014]). In opposition, the plaintiff submitted an expert affirmation which failed to raise a triable issue of fact as to whether the defendants departed from the accepted standard of care in their treatment of him (*see generally Macias v Ferzli*, 131 AD3d 673 [2015]; *Michel v Long Is. Jewish Med. Ctr.*, 125 AD3d 945 [2015]; *Duvidovich v George*, 122 AD3d 666 [2014]; *Kelley v Kingsbrook Jewish Med. Ctr.*, 100 AD3d 600 [2012]).

In opposition to the defendants' motions, and in support of his cross motion for summary judgment, the plaintiff relied, in part, on the doctrine of res ipsa loquitur. To rely on that doctrine, a plaintiff must show that (1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendants' exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff (*see James v Wormuth*, 21 NY3d 540, 546 [2013]). "To rely on res ipsa loquitur[,] a plaintiff need not conclusively eliminate the possibility of all other causes of the injury. It is enough that the evidence supporting the three conditions afford a rational basis for concluding that 'it is more likely than not' that the injury was caused by defendant's negligence" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997], quoting Restatement [Second] of Torts § 328D, Comment *e*), and other possible causes are "so reduced that the greater probability lies at defendant's door" (*Kambat v St. Francis Hosp.*, 89 NY2d at 495 [internal quotation marks omitted]). The conclusion that the event must be of the kind that ordinarily does not occur in the absence of someone's negligence may be established by everyday experience, or expert testimony (*see States v Lourdes Hosp.*, 100 NY2d 208, 212 [2003]; *Kambat v St. Francis Hosp.*, 89 NY2d at 496). Negligence in a medical setting may be established by ordinary experience if a foreign object is left in the body of the patient (*see Kambat v St. Francis Hosp.*, 89 NY2d at 497), or the patient, while anesthetized, experiences an unexplained injury in an area which is remote from the treatment site (*see DiGiacomo v Cabrini Med. Ctr.*, 21 AD3d 1052, 1054 [2005]).

In the instant case, which did not involve a foreign object or an unexplained injury in an area remote from the treatment site, the plaintiff relied upon expert testimony to support his

allegation of res ipsa loquitur. The expert attempted to rule out sources of infection unrelated to the defendants, noting that there was no evidence that the plaintiff, at the time of the surgery, was infected with salmonella. However, the plaintiff's expert noted that the defendants' expert stated that there was no evidence of a salmonella infection present in the hospital either. The plaintiff's expert further stated that "bone allografts are (or should be), either aseptic (free of pathogenic microorganisms) or sterile (free of all microorganisms)" by irradiation with gamma rays, and it was the defendants' duty to screen allograft manufacturers, indicating that yet another party may have been responsible. Although the expert stated his opinion that it was more likely that the infection came from the operating room during the surgery rather than from a contaminated bone allograft, the thrust of the expert's opinion was that, but for the surgery, there would not have been an infection of the surgical wound, and, since the infection should not have happened, the surgeons and the hospital where the surgery took place must be responsible.

However, proof of an injury alone is not proof of res ipsa loquitur (see *Johnson v St. Barnabas Hosp.*, 52 AD3d 286, 288 [2008]). In support of his cross motion for summary judgment on the issue of liability, the plaintiff failed to establish, prima facie, the applicability of the doctrine of res ipsa loquitur, since he did not establish that the injury was caused by an agency or instrumentality within the exclusive control of the defendants (see *Kruck v St. John's Episcopal Hosp.*, 228 AD2d 565, 566 [1996]). In addition, the plaintiff did not raise a triable issue of fact in opposition to the defendants' motions. Accordingly, the Supreme Court should have granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them, and properly denied the plaintiff's cross motion for summary judgment. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.