■ JULIE PANCILA, Appellant, v LAURI J. ROMANZI, M.D., Respondent, et al., Defendants. [33 NYS3d 256]—

Order, Supreme Court, New York County (Douglas E. McKeon, J.), entered March 19, 2015, which granted defendant Romanzi's motion for summary judgment dismissing the complaint as against her, unanimously affirmed, without costs.

Defendant established prima facie, through her deposition testimony, the medical records, and her medical expert, that she properly positioned plaintiff during the pelvic reconstruction surgery and took proper precautions to avoid nerve compression in plaintiff's legs (*see DiMitri v Monsouri*, 302 AD2d 420 [2d Dept 2003]). The expert further opined that the type of neurological injury experienced by plaintiff is a known and accepted complication of pelvic surgery that can occur even in the absence of malpractice (*see Matos v Schwartz*, 104 AD3d 650 [2d Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact. Her expert's affidavit, which asserted that she was *improperly* positioned during the surgery, failed to explain how defendant's positioning of plaintiff departed from accepted medical practices (*see Callistro v Bebbington*, 94 AD3d 408, 410 [1st Dept 2012], *affd* 20 NY3d 945 [2012]; *DiMitri v Monsouri*, 302 AD2d at 421). As to causation, the expert asserted that the equipment defendant used caused plaintiff's injury but failed to explain how (*see Dallas-Stephenson v Waisman*, 39 AD3d 303, 307 [1st Dept 2007]). In any event, the fact that plaintiff sustained an injury is not evidence of a departure from accepted medical practices (*see Johnson v St. Barnabas Hosp.*, 52 AD3d 286 [1st Dept 2008], *lv denied* 11 NY3d 705 [2008]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.