Pagano v Cohen (2018 NY Slip Op 05599)





Pagano v Cohen


2018 NY Slip Op 05599


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-12301
 (Index No. 8267/13)

[*1]Kim A. Pagano, appellant, 
v
Jason P. Cohen, etc., et al., respondents, et al., defendants.


Peter E. Tangredi, White Plains, NY (Stephen Chakwin of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Alan B. Friedberg of counsel), and Spolzino Smith Buss & Jacobs, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated October 16, 2015. The order, insofar as appealed from, granted the motion of the defendants Jason P. Cohen, Alyssa Ludwin, and ENT and Allergy Associates, LLP, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff underwent surgery to remove her right parotid gland. The surgery was performed by the defendant Jason P. Cohen, a physician, and the plaintiff received postoperative treatment by the defendant Alyssa Ludwin, a physician's assistant. The plaintiff commenced this medical malpractice action against, among others, Cohen, Ludwin, and their employer, ENT and Allergy Associates, LLP (hereinafter collectively the defendants), alleging that she developed complex regional pain syndrome as a result of negligent medical treatment by the defendants.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. They argued that the surgery was properly performed and the postoperative care was appropriate. In response, the plaintiff argued that, pursuant to the doctrine of res ipsa loquitur, the finder of fact should be able to infer negligence on the part of the defendants. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
" The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage'" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960, quoting Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842). On a motion for summary judgment dismissing a cause of action to recover damages for medical malpractice, a defendant physician must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d at 960; see Stukas v Streiter, 83 AD3d 18, 23). If such a showing has been made, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Deutsch v Chaglassian, 71 AD3d 718, 719).
Here, the defendants established their prima facie entitlement to judgment as a matter of law through the detailed affidavit of their expert physician, who specializes in otolaryngology. The defendants' expert opined that neither Cohen nor Ludwin departed from the applicable standard of care. The expert further opined that, regardless of the cause of the plaintiff's current condition, it did not result from any negligence on the part of Cohen or Ludwin.
In opposition to the defendants' motion, the plaintiff relied on the doctrine of res ipsa loquitur. To rely on that doctrine, a plaintiff must show that "(1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendants' exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff" (McCarthy v Northern Westchester Hosp., 139 AD3d 825, 827). A plaintiff "need not conclusively eliminate the possibility of all other causes of the injury" (Kambat v St. Francis Hosp., 89 NY2d 489, 494; see McCarthy v Northern Westchester Hosp., 139 AD3d at 827). A plaintiff must only show that the likelihood of other possible causes of the injury is so reduced " that the greater probability lies at defendant's door'" (Kambat v St. Francis Hosp., 89 NY2d at 495, quoting 2 Harper and James, Torts § 19.7, at 1086).
Here, the redacted and unsigned affirmation of the plaintiff's medical expert was not entitled to consideration (see France v Packy, 121 AD2d 836, 838) and, in any event, was insufficient to raise a triable issue of fact. The plaintiff failed to raise a triable issue of fact regarding the applicability of the doctrine of res ipsa loquitur, as she did not demonstrate that the injury is of a kind that ordinarily does not occur in the absence of negligence or that the instrumentality that caused her injury was within the defendants' exclusive control (see McCarthy v Northern Westchester Hosp., 139 AD3d at 827-828). Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see id. at 828; see also France v Packy, 121 AD3d 836, 838).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court