Christopher v Atluri (2020 NY Slip Op 07350)





Christopher v Atluri


2020 NY Slip Op 07350


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-13539
 (Index No. 5790/13)

[*1]Jeffrey Christopher, appellant, 
v
Purna C. P. Atluri, etc., et al., respondents.


Sullivan & Brill, LLP, New York, NY (James Healy of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell of counsel), for respondents Purna C. P. Atluri, Purna Atluri, M.D., PLLC, and Sallicia Acquenetta Burgess.
Keller, O'Reilly & Watson, P.C., Woodbury, NY (Matthew M. McDonough of counsel), for respondents Prakash B. Patel and Shreeji Anesthesia, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated September 11, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Purna C. P. Atluri, Purna Atluri, M.D., PLLC, and Sallicia Acquenetta Burgess, and the defendants Prakash B. Patel and Shreeji Anesthesia, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice and negligence insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff alleges that his right shoulder was injured during a colonoscopy performed by the defendant Purna Atluri, sued herein as Purna C. P. Atluri, on September 29, 2010. The plaintiff alleges that the defendants negligently repositioned him, or allowed him to fall, during the colonoscopy. The plaintiff commenced the instant action against Atluri and the defendants Purna Atluri M.D., PLLC, and Sallicia Acquenetta Burgess, a nurse employed by Atluri (hereinafter collectively the Atluri defendants), and the defendants Prakash B. Patel, the anesthesiologist during the plaintiff's colonoscopy, and Shreeji Anesthesia, P.C. (hereinafter together the Patel defendants), alleging, inter alia, causes of action to recover damages for medical malpractice and negligence.
After discovery, the Patel defendants and the Atluri defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff opposed both motions, contending, among other things, that the doctrine of res ipsa loquitur applied. In an order dated September 11, 2018, the Supreme Court granted both motions. The plaintiff appeals from so much of the order as granted those branches of the separate motions of the Patel defendants and the Atluri defendants which were for summary judgment dismissing the causes of action alleging medical malpractice and negligence insofar as asserted against each of them.
We agree with the Supreme Court's determination granting those branches of the defendants' separate motions which were for summary judgment dismissing the medical malpractice cause of action insofar as asserted against each of them. On appeal, the plaintiff contends that the court erred by holding that the doctrine of res ipsa loquitur was inapplicable to this case. To rely on the doctrine of res ipsa loquitur, the plaintiff must show that "(1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendants' exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff" (McCarthy v Northern Westchester Hosp., 139 AD3d 825, 827; see James v Wormuth, 21 NY3d 540, 546). A plaintiff "need not conclusively eliminate the possibility of all other causes of the injury. It is enough that the evidence supporting the three conditions afford a rational basis for concluding that it is more likely than not that the injury was caused by the defendant's negligence" (Kambat v St. Francis Hosp., 89 NY2d 489, 494 [internal quotation marks omitted]; see McCarthy v Northern Westchester Hosp., 139 AD3d at 827). In other words, a plaintiff must only show that the likelihood of other possible causes of the injury is so reduced "that the greater probability lies at defendant's door" (Kambat v St. Francis Hosp., 89 NY2d at 495 [internal quotation marks omitted]). Here, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact regarding the applicability of the doctrine of res ipsa loquitur, as he did not demonstrate that the injury was of a kind that ordinarily does not occur in the absence of negligence or that the injury was caused by an agency or instrumentality within the exclusive control of the defendants (see Pagano v Cohen, 164 AD3d 516, 518; McCarthy v Northern Westchester Hosp., 139 AD3d at 828; cf. Swoboda v Fontanetta, 131 AD3d 1042, 1045).
Further, we agree with the Supreme Court's determination granting those branches of the defendants' separate motions which were for summary judgment dismissing the negligence cause of action insofar as asserted against each of them (see Morales v Carcione, 48 AD3d 648, 649).
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court