Lancia v Good Samaritan Hosp. (2022 NY Slip Op 00415)





Lancia v Good Samaritan Hosp.


2022 NY Slip Op 00415


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-11483 
2020-00547
 (Index No. 35690/16)

[*1]Robert Lancia, et al., respondents-appellants,
v
Good Samaritan Hospital, et al., appellants- respondents, Stanley Kang, etc., respondent, et al., defendants. (Appeal No. 1.)
Robert Lancia, et al., respondents-appellants,
v
Good Samaritan Hospital, et al., appellants- respondents, et al., defendants. (Appeal No. 2.)


Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Judy C. Selmeci of counsel), for appellants-respondents Good Samaritan Hospital, Mercedes Nunez, and Patricia Knight.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for appellants-respondents Hudson Valley Brain and Spine Surgery, P.C., Jeffrey Oppenheim, and James Mills.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondents-appellants.
Vouté, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains, NY (Howard S. Jacobowitz and Micah Friedberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., (1) the defendants Good Samaritan Hospital, Mercedes Nunez, and Patricia Knight appeal, the defendants Hudson Valley Brain and Spine Surgery, P.C., Jeffrey Oppenheim, and James Mills separately appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated September 23, 2019, and (2) the defendants Good Samaritan Hospital, Mercedes Nunez, and Patricia Knight appeal, and the plaintiffs cross-appeal, from an order of the same court dated January 10, 2020. The order dated September 23, 2019, insofar as appealed from by the defendants Good Samaritan Hospital, Mercedes Nunez, and Patricia Knight, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice and so much of the complaint as sought to recover damages for lost promotions insofar as asserted against them. The order dated September 23, 2019, insofar as appealed from by the defendants Hudson Valley Brain and Spine Surgery, P.C., Jeffrey Oppenheim, and James Mills, denied those defendants' separate motion for summary judgment dismissing the complaint insofar as asserted against them. The order dated [*2]September 23, 2019, insofar as cross-appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability and granted the motion of the defendant Stanley Kang for summary judgment dismissing the complaint insofar as asserted against him. The order dated January 10, 2020, insofar as appealed from, denied that branch of the motion of the defendants Good Samaritan Hospital, Mercedes Nunez, and Patricia Knight which was for leave to reargue that branch of their prior motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for lost promotions insofar as asserted against them. The order dated January 10, 2020, insofar as cross-appealed from, granted that branch of those defendants' motion which was for leave to reargue that branch of their prior motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against them, and, upon reargument, in effect, vacated the determination in the order dated September 23, 2019, denying that branch of those defendants' prior motion and, thereupon, granted that branch of the prior motion.
ORDERED that the appeal by the defendants Good Samaritan Hospital, Mercedes Nunez, and Patricia Knight from the order dated January 10, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated September 23, 2019, is modified, on the law, by deleting the provision thereof granting the motion of the defendant Stanley Kang for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED the order dated January 10, 2020, is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendant Stanley Kang.
On September 23, 2016, the plaintiff Robert Lancia (hereinafter the injured plaintiff) was admitted to the defendant Good Samaritan Hospital and underwent spinal fusion surgery, which was performed by the defendant Jeffrey Oppenheim. Following the surgery, on September 24, 2016, the injured plaintiff complained of pain in his left knee. He was ultimately determined to have a torn quadriceps tendon. The injured plaintiff, and his wife suing derivatively, commenced the instant action against Good Samaritan Hospital and various doctors and other medical personnel who treated the injured plaintiff. The plaintiffs alleged that the injured plaintiff was dropped or fell from the operating table or stretcher while being transferred during his surgery, which resulted in his knee injury.
Good Samaritan Hospital and the defendants Mercedes Nunez and Patricia Knight (hereinafter collectively the Good Samaritan defendants), Oppenheim and the defendants Hudson Valley Brain and Spine Surgery, P.C., and James Mills (hereinafter collectively the Hudson defendants), and the defendant Stanley Kang, separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs moved for summary judgment on the issue of liability. In an order dated September 23, 2019, the Supreme Court granted Kang's motion and denied the other motions.
Thereafter, the Good Samaritan defendants moved, inter alia, for leave to reargue that branch of their prior motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against them. In an order dated January 10, 2020, the Supreme Court, among other things, granted leave to reargue that branch of the prior motion, and upon reargument, granted that branch of the prior motion.
The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage (see Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842). On a motion for [*3]summary judgment dismissing a cause of action to recover damages for medical malpractice, a defendant physician must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d at 960; see Stukas v Streiter, 83 AD3d 18, 23). If such a showing has been made, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Deutsch v Chaglassian, 71 AD3d 718, 719).
Here, the Good Samaritan defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against them through the detailed affidavit of their expert physician, who opined that there was no departure from the applicable standard of care. The expert further opined that the injured plaintiff's injury was a chronic one which did not result from a fall or being dropped, and therefore, that the injury did not result from any negligence of the Good Samaritan defendants. In opposition, the plaintiffs relied on the doctrine of res ipsa loquitur. To raise a triable issue of fact as to the applicability of that doctrine, a plaintiff must show that "(1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendants' exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff" (McCarthy v Northern Westchester Hosp., 139 AD3d 825, 827). A plaintiff "need not conclusively eliminate the possibility of all other causes of the injury" (Kambat v St. Francis Hosp., 89 NY2d 489, 494; see McCarthy v Northern Westchester Hosp., 139 AD3d at 827). A plaintiff must only show that the likelihood of other possible causes of the injury is so reduced that the greater probability lies at the defendant's door (see Kambat v St. Francis Hosp., 89 NY2d at 495). Here, the plaintiffs' submissions raised a triable issue of fact. The plaintiffs presented expert opinions indicating that the injury was the result of a fall or the injured plaintiff being dropped as a result of the negligence of the defendants. The plaintiffs raised a triable issue of fact regarding the applicability of the doctrine of res ipsa loquitur, as they demonstrated that the injury is of a kind that ordinarily does not occur in the absence of negligence and that the instrumentality that caused the injury was within the Good Samaritan defendants' exclusive control. Accordingly, the Supreme Court properly denied that branch of the Good Samaritan defendants' motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against them.
The Hudson defendants failed to meet their prima facie burden on their motion for summary judgment dismissing the complaint insofar as asserted against them. Their submissions, which included medical records, depositions, and an affirmation from the injured plaintiff's treating neurosurgeon, who had no recollection of the injured plaintiff being transferred to or from the operating table, failed to show that the Hudson defendants did not deviate from the applicable standard of care, or were not a proximate cause of the injured plaintiff's injury. Since the Hudson defendants failed to meet their prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838), and accordingly, the Supreme Court properly denied that motion.
On their motion for summary judgment on the issue of liability, the plaintiffs submitted only depositions and medical records and no expert opinions. Their submissions were insufficient to demonstrate as a matter of law that the injured plaintiff's injury was of a kind that ordinarily would not occur in the absence of negligence or that the instrumentality that caused the injury was within the defendants' exclusive control. Since the plaintiffs failed to meet their prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Singleton v F & R Royal, Inc., 166 AD3d at 838), and accordingly, the Supreme Court properly denied that motion.
However, Kang's motion for summary judgment dismissing the complaint insofar as asserted against him should have been denied. While he met his prima facie burden on the motion, the plaintiffs' submissions in opposition, which were the same as those discussed above submitted in opposition to the Good Samaritan defendants' motion, raised a triable issue of a fact as to Kang's liability.
The parties' remaining contentions are without merit.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court