Vucetaj v Dahl (2024 NY Slip Op 06176)

Vucetaj v Dahl

2024 NY Slip Op 06176

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 805305/15 Appeal No. 3209 Case No. 2023-06771 

[*1]Bukurie Vucetaj, Plaintiff-Appellant,
v
Linda Dahl, Defendant, Anupkumar Patel et al., Defendants-Respondents.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Alejandra R. Gil of counsel), for respondents.

Order, Supreme Court, New York County (Kathy J. King, J.), entered December 15, 2023, which granted the motion of defendants Anupkumar Patel and Beth Israel Medical Center (BIMC) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleges that during a surgery performed at BIMC involving septoplasty and nasal polyp removal, she sustained a rotator cuff tear to her right shoulder because Patel, the anesthesiologist, failed to properly position her for the surgery or reposition her during the surgery. In support of their motion, defendants demonstrated that Patel did not depart from the standard of care through their experts' opinions, based on review of plaintiff's medical records and deposition testimony, that he properly positioned plaintiff in the supine position, securing her arms with Velcro straps, and did not need to reposition her during the one and one-half hour surgery (see Pancila v Romanzi, 140 AD3d 516, 516 [1st Dept 2016]). The "fact that plaintiff sustained an injury is not evidence of a departure from accepted medical practices" (id.). Defendants' experts also opined that there was no evidence that plaintiff was moved with sufficient force during the surgery to cause an acute rotator cuff tear and that the tear was degenerative in origin, related to plaintiff's long-term work as an eyebrow specialist. Plaintiff contends that defendants' orthopedic expert misstated the length of time she engaged in such work, but, assuming the factual issue may be raised for the first time on appeal (see 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 631 [1st Dept 2021]), plaintiff did testify that she started doing such work, albeit without pay, as far back as 1989, and worked full time in that capacity since 2000, 14 years before she sustained the shoulder injury.
In opposition, plaintiff failed to raise an issue of fact as to whether Patel departed from the standard of care or whether any claimed departure proximately caused her injury. Plaintiff's expert conceded that Patel appropriately positioned her in a supine position with her arms at her sides, but the expert opined that Patel should have used contoured armboard padding during the surgery. Since this was a new theory that was not pleaded or referenced during any depositions, the motion court properly declined to consider it (see Khurdayan v Kassir, 223 AD3d 590, 591 [1st Dept 2024]; Biondi v Behrman, 149 AD3d 562, 564 [1st Dept 2017], lv dismissed in part, denied in part 30 NY3d 1012 [2017]). Even if we were to consider this new theory of liability, plaintiff's expert failed to raise a triable issue of fact because the expert's affidavit was conclusory and failed to explain how the absence of padding caused any injury to plaintiff or to controvert the opinions of defendants' experts (see Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]).
Plaintiff's failure to oppose the dismissal of the claims for lack of informed consent [*2]and negligent hiring constituted an abandonment of those claims (see Ng v NYU Langone Med. Ctr., 157 AD3d 549, 550 [1st Dept 2018]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024