Alpert v Moinian Group (2025 NY Slip Op 00516)

Alpert v Moinian Group

2025 NY Slip Op 00516

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 161382/19 Appeal No. 3591 Case No. 2024-03620 

[*1]Michael Alpert et al., Plaintiffs-Respondents,
v
The Moinian Group, et al., Defendants-Appellants.

Strikowsky, Drachman & Shapiro, PLLC, New York (Sim R. Shapiro of counsel), for appellants.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondents.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered May 15, 2024, which granted plaintiffs' motion for summary judgment as to liability, unanimously affirmed, without costs.
Michael Alpert, the injured plaintiff, fell after he lost his balance while descending a poorly lit staircase. Although Alpert tried to prevent his fall by grabbing the handrail on the staircase, he was unable to do so. Plaintiffs established prima facie entitlement to summary judgment on liability by submitting an expert affidavit opining that the staircase's handrail design was defective and therefore contributed to the injury. Moreover, there is no dispute that the 115-inch-wide staircase, which had one handrail down the middle, violated the 1968 Building Code of City of New York (Administrative Code of City of NY) § 27-375(f)(1). Plaintiffs also established that the lack of an additional handrail was a proximate cause of their injuries because their expert concluded that an additional handrail would have enabled plaintiff Alpert to recover from the fall (see Derdiarian v Felix Contr. Corporation, 51 NY2d 308, 315 [1980]). In opposition, defendants failed to raise a triable issue of fact.
Supreme Court providently exercised its discretion in entertaining plaintiffs' motion despite their failure to include the answer with the motion in accordance with CPLR 3212(b) (CPLR 2001; see Reyes v Sanchez-Pena, 117 AD3d 621, 622 [1st Dept 2014]). Defendants electronically filed the answer and annexed it to their opposition to plaintiffs' motion, thereby providing a complete record to the courts before it rendered its decision. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025