Phillips v Varma (2026 NY Slip Op 01238)

Phillips v Varma

2026 NY Slip Op 01238

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-05900
 (Index No. 716965/17)

[*1]Dean Phillips, appellant, 
vVikas Varma, etc., et al., respondents, et al., defendants.

Michael S. Bender, P.C., Astoria, NY, for appellant.
Vaslas Lepowsky & Hauss LLP, Staten Island, NY (Edward F. Humphries and Olena Sharvan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered March 24, 2023. The judgment, upon an order of the same court dated March 10, 2023, inter alia, granting the motion of the defendants Vikas Varma and Neuro-Pain Care, P.C., for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is reversed, on the law, with costs, the motion of the defendants Vikas Varma and Neuro-Pain Care, P.C., for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint is reinstated insofar as asserted against those defendants, and the order is modified accordingly.
From April to July 2015, the plaintiff underwent a series of three epidural steroid injections into his lumbar spine, which were administered by Vikas Varma. On July 22, 2015, six days after the plaintiff's third epidural injection, the plaintiff went to the emergency room at Mount Sinai Hospital with complaints of, among other things, back pain radiating to his left leg, and was discharged with prescriptions for medications and instructions to follow up with a primary care provider. On July 28, 2015, the plaintiff underwent an MRI, which showed conditions compatible with an epidural abscess. On the same date, the plaintiff underwent a laminectomy to evacuate the epidural abscess, and bacteria cultures from the wound revealed that the plaintiff had been infected with methicillin susceptible staphylococcus aureus (hereinafter MSSA).
In December 2017, the plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent against, among others, Varma and his medical practice, Neuro-Pain Care, P.C. (hereinafter together the defendants). The plaintiff alleged, inter alia, that the defendants negligently introduced bacteria and infectious matter into his spine by failing to adequately sterilize and prepare needles and equipment used during the epidural injections, which resulted in the plaintiff's epidural abscess. The plaintiff also alleged that the defendants failed to sufficiently advise him of the risks of the epidural injections so as to obtain his informed consent.
Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In support of the motion, the defendants submitted, among other things, transcripts of the deposition testimony of Varma and Arthur Robinson, an X-ray technician for Varma, both of whom testified as to the procedures utilized during the administration of epidural injections to minimize the risk of infection, including disinfecting and sanitizing the room and equipment after each procedure, scrubbing hands with an antiseptic solution prior to each procedure, wearing materials, including sterile gloves and a surgical mask and cap, prepping the patient with a disinfectant solution, and using prepackaged surgical epidural trays and single-use disposable needles. The defendants also submitted expert affirmations from Karina Gritsenko, a physician board certified in anesthesiology, pain management, and palliative care, and Richard Fried, a physician board certified in internal medicine with a subspecialty in infectious disease. Gritsenko and Fried opined, inter alia, that the procedures testified to by Varma and Robinson to reduce the risk of infection from epidural injections were in accordance with good and accepted standards of care and that infection and spinal abscess are known complications of epidural injections, which may occur despite adherence to good and accepted medical practice.
In opposition to the defendants' motion, the plaintiff submitted, among other things, an expert affidavit of Alexander Weingarten, a physician board certified in anesthesiology with a subspecialty in pain management. Weingarten acknowledged that the sanitary practices testified to by Varma were consistent with the applicable standards of care for epidural injections. Nevertheless, Weingarten opined that Varma departed from the applicable standards of care by introducing MSSA into the plaintiff's epidural space during the third epidural injection on July 16, 2015. Weingarten explained that the epidural abscess was "located in the very same part of the spine where the epidural injection was performed"; that "[t]he infection and abscess developed to a degree that it began causing symptoms in about 6 days [from the third injection]," which was "completely consistent with the expected amount of time it would take for this type of an infection to progress to the stage where it begins to cause symptoms"; and that had Varma followed the "correct performance of . . . sterile techniques" in accordance with the applicable standards of care, the plaintiff "would not have developed an MSSA infection in the epidural space."
Further, in an attorney affirmation submitted in opposition to the defendants' motion, the plaintiff argued, inter alia, that although the defendants' experts opined that an infection was a possible complication of epidural injections even in the absence of a departure from accepted medical practice, the doctrine of res ipsa loquitur was applicable to raise a triable issue of fact as to whether the defendants negligently administered the epidural injections. The plaintiff contended that the applicability of the doctrine of res ipsa loquitur was supported by Weingarten's opinion that the plaintiff's MSSA infection would not have occurred absent a departure from the accepted standards of care during the administration of the epidural injections.
In an order dated March 10, 2023, the Supreme Court, among other things, granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. On March 24, 2023, the Supreme Court entered a judgment, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
"To prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Byrne v Sidhu, 215 AD3d 622, 622). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Chillious v Edouard, 234 AD3d 737, 739 [internal quotation marks omitted]).
Here, the defendants demonstrated, prima facie, that they did not depart from good and accepted medical practice in administering the epidural injections by submitting, inter alia, the transcripts of the deposition testimony of Varma and Robinson and the expert affirmations of Gritsenko and Fried (see id. at 739). Gritsenko and Fried opined, based upon the deposition [*2]testimony of Varma and Robinson, that the defendants' procedures for reducing the risk of infection from epidural injections were in accordance with good and accepted standards of care and that infection and abscess may occur despite adherence to good and accepted medical practice. Moreover, Gritsenko and Fried opined that Varma adhered to good and accepted medical practice by electing to administer a series of three epidural injections with varied dosages and that the third injection was not contraindicated. However, the defendants failed to establish, prima facie, that any departure was not a proximate cause of the plaintiff's injuries based upon the conclusory opinion of the defendants' experts that the plaintiff did not develop an abscess due to any acts or omissions by the defendants (see id. at 740). Thus, to defeat the defendants' motion for summary judgment with respect to the cause of action alleging medical malpractice, the plaintiff was only required to raise a triable issue of fact as to whether the defendants departed from good and accepted medical practice (see id.; Stukas v Streiter, 83 AD3d 18, 30).
In opposition to the defendants' prima facie showing, the plaintiff contended, among other things, that despite Varma's testimony regarding the procedures he routinely followed to reduce the risk of infection, the doctrine of res ipsa loquitur was applicable to raise a triable issue of fact as to whether the defendants negligently administered the epidural injections. "To raise a triable issue of fact as to the applicability of that doctrine, a plaintiff must show that '(1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendants' exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff'" (Lancia v Good Samaritan Hosp., 201 AD3d 913, 915-916, quoting McCarthy v Northern Westchester Hosp., 139 AD3d 825, 827). Here, the plaintiff raised a triable issue of fact as to whether his injury was of a kind that ordinarily does not occur in the absence of negligence, as Weingarten opined that the plaintiff would not have developed an MSSA infection if the defendants had adhered to the proper performance of "sterile techniques" in accordance with the applicable standards of care (see id. at 916; Gonzalez v Arya, 140 AD3d 925, 927; see also Bernard v Bernstein, 126 AD3d 833, 835-836; Antoniato v Long Is. Jewish Med. Ctr., 58 AD3d 652, 654-655). Further, the defendants do not dispute that the epidural injections, which allegedly caused the plaintiff's injuries, were within their exclusive control or that the plaintiff's injuries were not the result of his own actions. Thus, the plaintiff raised a triable issue of fact as to whether the defendants departed from good and accepted medical practice in administering the epidural injections by allowing infectious material to enter the injection site based upon the doctrine of res ipsa loquitur.
Moreover, in opposition to the defendants' prima facie showing that they did not depart from good and accepted medical practice by electing to administer the third injection, the plaintiff raised a triable issue of fact based on Weingarten's opinion that Varma should not have administered that injection. Weingarten opined that the decision to administer the third injection was not in accordance with good and accepted medical practice because the plaintiff had not achieved any pain relief from the two preceding injections and it was "highly unlikely" that the third injection would have any beneficial effect given that it was administered at a lesser dosage than the two preceding injections.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against them.
Furthermore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against them. "'To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Ciceron v Gulmatico, 220 AD3d 732, 735 [internal quotation marks omitted], quoting Cox v Herzog, 192 [*3]AD3d 757, 758). "The fact that a plaintiff signed a consent form, standing alone, does not establish a defendant's prima facie entitlement to judgment as a matter of law" (Guinn v New York Methodist Hosp., 212 AD3d 787, 789). Here, the defendants' submissions failed to establish, prima facie, that the plaintiff was adequately informed of the reasonably foreseeable risks of the epidural injections (see id.; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670). Thus, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent, and therefore, the court should have denied that branch of their motion which was for summary judgment dismissing that cause of action insofar as asserted against them, irrespective of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court